JAMES CANN, Judge.
Claimant filed his petition in this court alleging that one Arnold Weise, an insane patient regularly committed to the Spencer state hospital for the insane, at Spencer, West Virginia, on the 7th day of July, 1950, had escaped therefrom for the fifth time, through negligence of the employes of the institution. That while out of the institution and before being apprehended and returned thereto, he broke into a furnished dwelling belonging to claimant, located about halfway between Walton and Gandeeville, on U. S. route 119, in Walton district, Roane county, West Virginia, on the waters of Silketts Fork, and took therefrom a large amount of clothing and wearing apparel, several guns and a set of check lines (which were later recovered by the state police). That later, on the 21st day of July, 1950, said dwelling house of the claimant was set *181 afire, burned up and destroyed by the said Arnold Weise, and all of the furniture and contents therein were also destroyed, causing a total damage to claimant in the sum of $3,200.00.
The evidence disclosed that claimant’s house was situated in a secluded and wooded district about half a mile from the Sil-ketts Fork Road and was vacant, claimant having moved therefrom about June, 1948. That during a periodical visit to this house, sometime about the 16th day of July 1950, claimant discovered that a shotgun, rifle and check line had been stolen, the windows of the said house shot out, and evidence that someone had recently occupied said house by reason of the fact that a fire was still burning in the stove. The evidence further disclosed that a number of persons in that locality had seen or heard of a strange person thereabouts attempting to purchase gun shells and vegetables; that when Arnold Weise was apprehended, on the 23rd day of July, 1950, he was in another cabin or house situated about half a mile from claimant’s property, and had in his possession the shotgun belonging to claimant; that the rifle and other personal property of the claimant, alleged to have been stolen from his house, were found in a barn belonging to one Starcher situated about a mile and a half from claimant’s property. This barn bore evidence that someone had recently occupied the same. The evidence further disclosed that Arnold Weise had escaped only once before, on the 12th day of October, 1948; that he had gone to Kentucky, acquired a job with the United States Engineers, later quit, and returned to the state institution on the 22nd day of November, 1948; that during the time he was gone there was no evidence of any abnormal tendencies.
As we see it, claimant’s position in this case rests upon two factors on which he hopes to gain an award. First, the fact that Weise, when apprehended, had in his possession the gun belonging to claimant, and had set fire to and destroyed claimant’s house and its contents; second, that Weise’s escape on the 7th day of July, 1950, was caused by and due to the negligence of the agents and employes of the state hospital, and that therefore respondent is liable for the damages suffered.
*182 As to the first factor, no one saw Weise, at any time, at or near claimant’s property. His possession of the shotgun belonging to claimant may be evidence that he had stolen it from claimant’s house but certainly not sufficient evidence that he had set fire to claimant’s home, thus destroying it and its contents. The evidence as to this fact is meager and circum-tantial. Do the facts detailed by claimant and his witnesses, concerning the damages suffered by claimant, considered in the light of the circumstances warrant the conclusion that Arnold Weise set fire to claiman’t house? We think not.
“Where circumstantial evidence is relied upon to establish . . . crime ... it is essential that all of the circumstances from which the conclusion of guilt is drawn and without which it cannot be drawn shall be established by full proof, and that each essential circumstance must be proved in the same manner and to the same extent as if the whole issue rested upon that particular essential circumstances.” State v. Harrison, 127 S. E. 55.
“Strong suspicion is not sufficient enough on which to base a verdict of guilty.” State v. Minnini, 133 S. E. 320.
As to the second factor, from the evidence introduced there is very little offered to the court from which we can make a determination — concluding that the agents and employees of the respondent were negligent in their supervision of the patients at the state hospital and that such negligence contributed to or made possible the escape of the patient in question. The petition of the claimant alleges that Arnold Weise had escaped five times from the Spencer state hospital. This fact was not shown or proven. Weise escaped once before and on that occasion committed no harm. As to the second occasion, which occurred almost two years later, can we say that he escaped under such circumstances as would be conclusive that the agents and employees of the state hospital were at fault, or that they could reasonably expect him to escape, or that they in any manner contributed to his escape? We think not. It is not necessary to elaborate at any length concerning the cir *183 cumstances surrounding the escape of Arnold Weise from the state hospital. Suffice it to say, as did Judge Schuck in a recent case before this court:
“Only the matter of escape is revealed by the record and no evidence is presented to show that those in charge of the prison or state agency involved were in any manner responsible for or contributed to the escape of the prisoners in question.” Arrick v. Board of Control, 3 Ct. Claims (W. Va.) 141.
Such may also be said to be true in this case.
Considering all of the facts and circumstances in this matter and for the reasons set out in this opinion, an award will be denied to claimant.